ACCEPTED
14-14-00091-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/7/2015 9:31:35 PM
CHRISTOPHER PRINE
CLERK

## No. 14-14-00091-CR

In the
Court of Appeals
for the
Fourteenth District of Texas
at Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/7/2015 9:31:35 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

## No. 1400039

In the 185th District Court
Harris County, Texas

————————◆————————

## ADRIAN FRANCISCO MIRANDA

*Appellant*

V.

## THE STATE OF TEXAS

*Appellee*

————————◆————————

APPELLANT'S MOTION FOR REHEARING

————————◆————————

**MANDY MILLER**
Attorney for Adrian Francisco Miranda
State Bar No:  24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................................ii

APPELLANT'S GROUND FOR REHEARING ...........................................................1

PRELIMINARY STATEMENT ......................................................................................2

GROUND FOR REHEARING........................................................................................2

CONCLUSION..................................................................................................................5

CERTIFICATE OF SERVICE.........................................................................................6

# INDEX OF AUTHORITIES

**CASES**

*Miranda v. State,*
   No. 14-14-00091-CR, 2015 WL 1870329 (Tex. App.--Houston
   [14th Dist.] Apr. 23, 2015, no pet. h.) (not designated for publication)...................2, 3

*Strickland v. Washington,*
   466 U.S. 668 (1984)..............................................................................................1, 4

*United States v. Cronic,*
   466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984) .................................4

**RULES**

TEX. R. APP. P. 49.1.................................................................................................1

TEX. R. APP. P. 49.7.................................................................................................1

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, APPELLANT, by and through his undersigned attorney, and pursuant to Rule 49.1 of the Texas Rules of Appellate Procedure, and respectfully requests the panel of this Court reconsider its opinion in this cause delivered on April 23, 2015.   In support thereof, the State would show the panel of this Court the following:

## **APPELLANT'S GROUND FOR REHEARING**

The panel erred in finding that appellant had not he suffered prejudice under the second prong of *Strickland v. Washington*[1] when trial counsel was deficient for eliciting testimony that appellant had previously been charged with a sexual offense and then having appellant admit he was untruthful with the jury.   Specifically, under these circumstances, prejudice can be presumed.

---

[1] 466 U.S. 668 (1984)

## PRELIMINARY STATEMENT

Appellant was charged by indictment with aggravated sexual assault of a child. (CR 7). A jury convicted appellant of the charged offense. (CR 183, 184). Appellant chose to forgo punishment by jury and the court sentenced him to 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (CR 183, 184). This appeal followed.

On April 23, 2015, a panel of this Court issued an unpublished opinion affirming appellant's conviction. *Miranda v. State,* No. 14-14-00091-CR, 2015 WL 1870329 (Tex. App.--Houston [14th Dist.] Apr. 23, 2015, no pet. h.) (not designated for publication). Appellant now files this motion for rehearing.

## GROUND FOR REHEARING

**The panel erred in finding that appellant had not established he suffered prejudice under the second prong of *Strickland v. Washington* when trial counsel was deficient for eliciting testimony that appellant had previously been charged with a sexual offense and counsel also had appellant admit he was untruthful with the jury. Under these circumstances, prejudice can be presumed.**

Appellant took the stand and testified on his own behalf and denied all of the accusations against him. On redirect examination, counsel asked appellant whether he had ever previously been charged with a sex crime. (RR IV 193). Appellant testified that he had not. (RR IV 193). However, the State approached the bench and informed the court that appellant had, as a juvenile, been charged with indecency with a child. (RR IV 195). Counsel knew of this offense because the State gave notice and

2

it was in the clerk's file.  (CR 76, 78-80; RR IV 196).  Yet, counsel's only response to the State's assertion that counsel had "opened the door" was that the charge was dismissed.  (RR IV 195).  But counsel asked appellant whether he had ever been charged with a sex crime, not whether he had been convicted.

Counsel then followed up by asking appellant, in front of the jury, whether his testimony that he had never been charged with a sex crime was truthful.  (RR IV 196).  Appellant responded that it was not and counsel passed the witness.  (RR IV 196).  The State did not ask any further questions and both sides rested.  (RR IV 197).  The very last evidence the jury received was that appellant had previously been charged with a "sexually-based offense."  (RR IV 196).  Counsel did not elicit testimony that the charge occurred when he was a juvenile, and did not inform the jury that it was dismissed.  They only knew that appellant was involved in some sort of sexual crime and that he had lied to them initially when he said he had never been charged.

This Court agreed that counsel's performance "very well could amount to deficient performance under *Strickland* because appellant's defense rested almost entirely on his credibility versus the complainant's credibility."  *Miranda*, 2015 WL 1870329, at *5.  This Court also noted that the record revealed no valid trial strategy for counsel's opening the door to the extraneous offense.  *Id.* at n.3.  Despite counsel's deficient performance, this Court found that appellant did not demonstrate that he was prejudiced because "the evidence of the extraneous offense was extremely brief."  *Id.* at *6.

3

Certain types of errors by counsel are considered so serious that prejudice is presumed. *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067; *United States v. Cronic,* 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657 (1984). In cases involving those errors, a defendant is not required to affirmatively prove prejudice under the second prong of the *Strickland* test. For example, in a denial of counsel case, and in certain types of government interference cases, prejudice is presumed because "prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." *Strickland,* 466 U.S. at 692. The Supreme Court also recognized that a "more limited" presumption of prejudice will apply when a defendant alleges actual ineffectiveness based on counsel's conflict of interest. *Id.* However, the Court hesitated to presume prejudice in all actual ineffectiveness cases. *Id.* at 693.

> Conflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.... Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. *Id.*

While concern over the uncertainty of prejudice and the inability to define deficient conduct is valid in many situations, such concern is unjustified in this case.

Appellant was charged with aggravated sexual assault of a child. Appellant testified on his own behalf and denied the allegations against him. Thus, appellant's

4

defense hinged on the jury's evaluation of his credibility. Through trial counsel's direct examination, the jury was allowed to hear that appellant was previously charged with another sexually-based offense. Additionally, the jury learned that appellant lied about never being charged, thus continuing to injure his credibility. This was the last evidence presented to the jury before closing arguments. By finding that appellant did not establish prejudice from his counsel's deficient conduct, this Court ignored the enormous impact counsel's actions would have had on the jury and how it would have affected its decision on appellant's guilt or innocence. Under these circumstances, prejudice can, and should, be presumed.

## CONCLUSION

It is respectfully submitted that appellant's motion for rehearing should be granted, and that his conviction should be reversed and the cause remanded for a new trial.

/s/ Mandy Miller
**MANDY MILLER**
Attorney for Adrian Francisco Miranda
State Bar No: 24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's supplemental brief, filed on May 7, 2015, has 1,348 words based upon a word count under MS Word.

/s/Mandy Miller
MANDY MILLER
Attorney for Adrian Francisco Miranda
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been delivered via electronic mail to the following:

Alan Curry
curry_alan@dao.hctx.net

/s/ Mandy Miller
MANDY MILLER